France, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur.

Oak Hill Country Club, Respondent, v. Town of Pittsford and Others, Appellants.— Motion for leave to appeal to the Court of Appeals granted. Lewis, J., not sitting. [See *ante*, p. 802.]

Wendell C. Phillips, Appellant, v. The State of New York, Respondent. (Claim No. 18552.) — Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Finding of fact No. 30 disapproved and reversed. Memorandum. The judgment is reversed upon the ground that the finding that causative negligence in the defendant was not proven is contrary to the evidence. The record discloses a physical situation and a set of circumstances such that in the exercise of reasonable care the State was obligated, by installing a sign or signs, to warn drivers of vehicles southward on the Lyndonville road of impending danger upon nearing the Ridge road. However, in the interest of justice we grant a new trial, with costs to the appellant to abide the event. And upon such trial a finding should be made upon the question whether or not plaintiff is chargeable with contributory negligence. All concur, except Crosby, J., who dissents and votes for affirmance and for making a finding of fact to the effect that the claimant was guilty of contributory negligence.

The People of the State of New York ex rel. George Small, Appellant, v. Joseph H. Brophy, as Warden of Auburn State Prison, Respondent.— Order affirmed. Memorandum. There is nothing in the record to contradict the recital in the judgment of conviction that relator had theretofore been convicted of a felony. Such a conviction might have occurred either in this State or in a sister State if the crime was one which if committed in this State would have been punishable by imprisonment in a State prison. All concur.

In the Matter of the Examination of William J. Raum, Judgment Debtor, in Proceedings Supplementary to Execution upon the Application of Samuel L. Shulman, Judgment Creditor.— Order reversed on the law, with ten dollars costs and disbursements, and motion to release property from receivership as of the date of the appointment of the receiver granted, with ten dollars costs. Memorandum. The right to the money collected as rents by the receiver is left for determination in such proceeding or action as the parties may see fit to institute. There is nothing in the papers on which the receiver can base an attack upon the title of the appellant Carlisle and it is upon this circumstance that the order is reversed. All concur.

The People of the State of New York ex rel. Matthew Gornikiewicz, Petitioner, v. Thomas Parran, Jr., Commissioner of Public Health of the State of New York, and Another, Respondents.— Determination of the Commissioner of Public Health confirmed, with ten dollars costs and disbursements. All concur.

In the Matter of the Application of Perl E. Hilliker for a Mandamus Order against Town Board of the Town of Poland, Chautauqua County.— Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, without costs, on the ground that it does not satisfactorily appear that the action of the town board in denying the application of the petitioner was arbitrary or capricious. All concur, Crosby, J., not sitting.

Dorothea Floss, an Infant, by George J. Floss, Her Guardian ad Litem, Respondent, v. The State of New York, Appellant. (Claim No. 22163.) —

Judgment affirmed, with costs. The finding that the employees of the State were negligent under section 12-a of the Court of Claims Act, in failing to give appropriate warning of a dangerous situation in the highway, had adequate support in the evidence. All concur, except Crosby, J., who dissents and votes for reversal on the law and facts and for dismissal of the complaint on the ground that the claim arises under section 176 of the Highway Law and that the State is not liable for an accident (occurring November 22, 1931) from a defect in the highway and also on the further ground that no act of negligence on the part of the defendant is shown.

ELIZABETH McCARTHY, an Infant, by MARY McCARTHY, Her Guardian ad Litem, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 22171.) — Judgment affirmed, with costs. The finding that the employees of the State were negligent under section 12-a of the Court of Claims Act, in failing to give appropriate warning of a dangerous situation in the highway, had adequate support in the evidence. All concur, except Crosby, J., who dissents and votes for reversal on the law and facts and for dismissal of the complaint on the ground that the claim arises under section 176 of the Highway Law and that the State is not liable for an accident (occurring November 22, 1931) from a defect in the highway and also on the further ground that no act of negligence on the part of the defendant is shown.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE ELIA, Appellant.— Judgment of conviction affirmed. All concur.

WILLIAM N. LOGAL, as Administrator, etc., of MARY LOGAL, Deceased, Appellant, v. INTERNATIONAL RAILWAY COMPANY, Respondent.— Judgment and order affirmed, with costs. All concur.

In the Matter of the Judicial Construction of the Last Will and Testament of FANNY JONES, Deceased.— Decree affirmed, with costs. All concur.

WINONA HUGHES, an Infant, by JOHN HUGHES, Her Guardian ad Litem, Appellant, v. THE VILLAGE OF ALBION and Another, Respondents.— Judgment and order affirmed, with costs. All concur.

JOHN HUGHES, Appellant, v. THE VILLAGE OF ALBION and Another, Respondents.— Judgment and order affirmed, with costs. All concur.

JOSEPH PROCELLI, as Administrator, etc., of SUSAN PROCELLI, Respondent, v. FRANK FIORELLA and Another, Appellants.— Judgment affirmed, with costs. Memorandum. The court's charge " that the statute on right of way is not binding on a passenger " was not harmful under all the circumstances. (Civ. Prac. Act, § 106.) All concur.

In the Matter of the Estate of SAMUEL ERLICH, Deceased.— Decree affirmed, with costs. All concur. [147 Misc. 468.]

In the Matter of the Estate of JOSEPH D. ERLICH, Deceased.— Decree affirmed, with costs. All concur. [147 Misc. 468.]

HESTER M. HEY, Respondent, v. CENTRAL BANK OF KENMORE, Appellant.— Judgment and order affirmed, with costs. All concur.

ANTHONY PAURELLO, Respondent, v. WENDELL F. MEGERLE, Appellant, JOSEPH KRENZER and Another, Defendants.— Order affirmed, with ten dollars costs and disbursements. All concur.

KELVINATOR-BUFFALO CORPORATION, Appellant, v. FRANK TRIPI, Respondent.— Judgment affirmed, with costs. All concur.

HELEN BURKE, an Infant, by JOHN BURKE, Her Guardian ad Litem, Respondent, v. JOSEPH B. GLASCOTT, Appellant, and PAUL LOBLOFF, Defendant.— Judgment affirmed, with costs. All concur.